UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MISHA HUBBARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:11 CV 995 CDP |
| | ) | |
| CAREER EDUCATION | ) | |
| CORPORATION et al., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Compel Arbitration and to Dismiss, or Alternatively Stay, this case. For the reasons set forth below, the Motion to Compel Arbitration is granted.

## Facts and Background

Plaintiff, Misha Hubbard, enrolled in the Health Information Technology Program at Defendant Sanford-Brown College's ("SBC") Hazelwood, Missouri campus on July 29, 2004. SBC owns and operates private career colleges in Missouri. Defendant Career Education Corporation ("CEC") owns SBC. At the time she enrolled Hubbard signed an Enrollment Agreement that included an arbitration clause that provided:

1

10. **Dispute Resolution**: Any disputes or controversies between the parties to this Agreement arising out of or relating to the student's recruitment, enrollment, attendance, education or career service assistance by the College or to this Agreement shall be resolved first through the grievance policy published in the catalog. If not resolved in accordance with the procedures outlined in the school catalog . . . , then the dispute shall be resolved by binding arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association then in effect . . . . Any such arbitration shall be the sole remedy for the resolution of any disputes or controversies between the parties to this agreement.

Hubbard filed this lawsuit on May 25, 2011, alleging that CEC and SBC (collectively "CEC") made various misrepresentations or omissions concerning the school's program and the career opportunities of its graduates. Hubbard asserts common law fraud (Counts I & II) and violations of the Missouri Merchandising Practices Act (Count III). All of her claims arise out of her recruitment, enrollment, and attendance at SBC.

## Discussion

The Federal Arbitration Act (FAA) applies to all contracts involving interstate commerce. 9 U.S.C. § 1 *et seq*. "The FAA reflects the fundamental principle that arbitration is a matter of contract." *Rent-A-Center, West, Inc. v. Jackson*, 130 S.Ct. 2772, 2776 (2010). Section 2 of the Act states that an agreement to arbitrate "shall be valid, irrevocable, and enforceable save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. §

2. The FAA established a strong policy favoring arbitration and "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983) *superseded by statute on other grounds*. The Supreme Court has recently reaffirmed that parties can also agree to arbitrate threshold questions of arbitrability, such as whether parties have agreed to arbitrate or whether an arbitration agreement is enforceable. *Rent-A-Center*, 130 S.Ct. at 2777 (citing *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83–85 (2002); *Green Tree Financial Corp. v. Bazzle*, 539 U.S. 444, 452 (2003) (plurality opinion)).

The arbitration clause in the parties' agreement has a broad scope. The agreement states that "[i]f not resolved in accordance with the procedures outlined in the school catalog . . . , then the dispute shall be resolved by binding arbitration." This is broad enough to include Hubbard's common law fraud and Missouri Merchandising Practices Act claims. The parties to this agreement also agreed to abide by the rules of the Commercial Rules of the American Arbitration Association (AAA). Inclusion of these rules into an arbitration agreement serves as clear and unmistakable evidence that the parties intended to have the arbitrator decide threshold issues of arbitrability. *Fallo v. High-Tech Institute*, 559 F.3d 874, 878 (2009).

3

Additionally, the issues concerning the enforceability of the arbitration agreement, including Hubbard's unconscionability claims, are for the arbitrator to decide. When an arbitration clause contains a clear and unmistakable agreement to arbitrate issues of arbitrability, as here, issues of the clause's enforceability will be for the arbitrator to decide unless the provision delegating such authority to the arbitrator is specifically challenged. *Rent-A-Center*, 130 S.Ct. at 2779. Hubbard has failed to specifically challenge the provision of the agreement which allows the arbitrator to decide enforceability of the arbitration clause. Hubbard claims that four provisions of the agreement are unconscionable. Those provisions are: 1) a provision requiring the arbitrator to have experience in the administration and operation of post secondary educational institutions; 2) a provision requiring the parties to split the arbitration costs; 3) a provision limiting damages; and 4) a provision prohibiting recovery of attorney's fees. None of these arguments, however, alleges that the delegation provision itself is unconscionable. None of the challenged provisions affect Hubbard's ability to arbitrate whether the arbitration agreement is valid and enforceable, and thus, the arbitrator must decide the enforceability of the arbitration agreement. *See Chisolm v. Career Education Corp.*, 4:11 CV 994 HEA (E.D. Mo. November 14, 2011); *Kenner v. Career Education Corp.*; 4:11 CV 997 AGF (E.D. Mo. November 29, 2011).

The Court is also unpersuaded that CEC has waived its right to arbitration. A party waives its right to arbitrate if it: 1) had knowledge of the existing right to arbitrate, 2) acted inconsistently with that right, and 3) prejudiced the party opposing arbitration. *Stifel, Nicolaus & Co. v. Freeman*, 924 F.2d 157, 158 (8th Cir. 1991). Any doubts concerning an allegation of waiver should be resolved in favor of arbitrability. *Id.* A party opposing arbitration "bears a heavy burden of proving waiver." *Newsom v. Anheuser-Busch Cos.*, 286 F. Supp. 2d. 1063, 1067 (E.D. Mo. 2003). All of Hubbard's claims that CEC waived arbitration involve conduct from a previous lawsuit brought by a group of plaintiffs, including Hubbard, against SBC and CEC. The plaintiffs voluntarily dismissed that suit. Hubbard then brought this suit alleging similar claims. In both Missouri and the Federal Courts, when a plaintiff voluntarily dismisses a lawsuit, that suit is treated as if it were never brought. *Richter v. Union Pacific R.R. Co.*, 265 S.W.3d 294, 297 (Mo. Ct. App. 2008); *Smith v. Dowden*, 47 F.3d 940, 943 (8th Cir. 1995). Hubbard has failed to meet the heavy burden to show waiver based on CEC's conduct in *this* case. She has not shown how CEC acted inconsistently with its right to arbitration in the current case, or how she was prejudiced by any such action. As such, the Court compels arbitration here, and will stay this case until the parties complete arbitration as called for in the Enrollment Agreement.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant CEC's Motion to Compel Arbitration and stay the litigation [#13] is **GRANTED** and its alternative motion to dismiss is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant CEC's motion to stay discovery pending a ruling on the motion to compel [#15] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that this case is **STAYED** pending completion of the arbitration, and the parties must file a notice to the court within ten days of the conclusion of arbitration. If not concluded by **May 25, 2012**, the parties must on that date file a joint report setting forth the status of the arbitration.

**IT IS FURTHER ORDERED** that defendant's motion for leave to file supplemental authority [#42] is **GRANTED**.

                                                     _/s/ Catherine D. Perry_
                                                    CATHERINE D. PERRY
                                                    UNITED STATES DISTRICT JUDGE

Dated this 30th day of November, 2011.